RUMSEY, J.
—This action is upon a promissory note, and the sole defense was payment. The question presented on the merits of this appeal is only whether it was error to order a verdict for the plaintiff. The note was dated November 1, 1886, payable on demand to Newcombe & Cardozo, and was produced by plaintiff. When that was done, there arose a presumption that she was the owner of it. Stephens v. McNeill, 26 Barb. 657.
It appears that suit was brought on the note on the 31st day of *634 October, 1892, just before it would have been barred by the statute of limitations, and it is insisted that the delay to sue raised a presumption which, taken with the other facts, might be considered as tending to show that the note was paid. It is doubtless true that the fact of long delay in suing upon a claim is proper to be considered in some cases where the defense is payment. But, from the mere fact of delay to sue a strictly legal claim where the statute of limitations has not run against it, no presumption ■of payment can be raised. The evidence relied on to show payment here is that of the witness Toner. The testimony of Cardozo contains nothing that bears upon the question except that, after this suit was brought, he had a talk with Fox, in which Fox claimed that he had paid the note, and had a receipt, 'but he did not produce it when requested to do so. But that testimony was not competent, and cannot be considered. The testimony of Toner is that in July, 1888, he wrote a letter to Fox, which, being produced, seems to have no relation to this matter. He says, however, that it referred to this note. He says that shortly after Newcornbe and Fox came out of Newcombe’s room, Newcornbe said that everything was arranged, that it was all right, .and Fox asked, “ When can I get the note? ’’ to which Newcornbe replied that he would look for it, and send it to him. The witness further said that he thought, but was not positive, that Newcornbe told him to look up this note, and send it to Fox. It appeared, however, that, at the time of this talk between Newcornbe and Fox, there were two other notes outstanding given by Fox to the firm, each of which was due, and the witness was unable to say to which of the three notes the parties referred in the talk given above. There was no further evidence of payment. This, as we think, was not enough to have unabled the jury to say that the note in suit was paid, and for that reason the court was correct in not submitting to them that question.
It is claimed by the defendant that the court erred in overruling the objection to the bill and letter sent by the firm of New•coinbe & Cardozo to Fox in 1889. Whether it was error to receive that evidence need not be decided. The evidence was offered by the plaintiff upon the question of payment. But whether ■or not she offered evidence on that issue made no difference. The defendant had failed to prove it, and the court was bound to so hold. The proof offered to show that the note was still unpaid was entirely unnecessary, because the defendant had failed in' his effort to show that it was paid. For that reason the evidence referred to could not have changed this result, and the admission of the evidence did no harm. Where the evidence given to prove a ■defense is entirely insufficient, a new trial will not be granted for errors in the admission of evidence offered merely to rebut such defense. Bronson v. Tuthill, 1 Abb. Dec. 206.
The judgment should be affirmed, with costs.
All concur.